IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

SAINTWAIN RONNIE ROBERTS,  )
         )
   Petitioner,    )
         )
  v.       )  CV 116-096
         )  (Formerly CR 114-030)
UNITED STATES OF AMERICA,  )
         )
   Respondent.   )
_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at the Federal Correctional Institute in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

## I. BACKGROUND

On March 5, 2014, the grand jury in the Southern District of Georgia charged Petitioner with conspiracy to rob a commercial business, conspiracy to use firearms during a violent crime, robbery of a commercial business, and using, carrying, and brandishing a firearm during a crime of violence. United States v. Roberts, CR 114-030, doc. no. 1 (S.D. Ga. Mar. 5, 2014) (hereinafter "CR 114-030"). On July 7, 2014, Petitioner, represented by appointed counsel, pled guilty to robbery of a commercial business, in violation of 18 U.S.C.

§ 1951, and brandishing a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c).  Id., doc. nos. 62, 63.   In exchange for Petitioner's guilty plea, the government agreed to dismiss the remaining counts.  Id., doc. no. 63, pp. 1-3.  By pleading guilty, Petitioner admitted the factual basis for his conviction.  Id. at 2.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which for the robbery conviction only set Petitioner's Total Offense Level at 19, Criminal History Category at III, and Guideline imprisonment range between 37 and 46 months.  PSI ¶ 61.  For the brandishing conviction, the PSI explained that "the guideline sentence is the minimum term of imprisonment required by statute, that is eighty-four months, to be served consecutively to any other term imposed."  (Id.)  Petitioner's criminal history score was four, establishing a criminal history category of three.  Id. ¶ 37.  United States District Judge J. Randal Hall, sentenced Petitioner to a total term of imprisonment of seventy-eight months, and the Court entered a judgment on December 17, 2014.  CR 114-030, doc. no. 120.  Petitioner filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed the sentence on July 27, 2015.  Id., doc. no. 150.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In Welch v. United States, 136 S. Ct. 1257, 1265

(2016), the Supreme Court held <u>Johnson</u> is a substantive decision retroactive in cases on collateral review.

Based on these recent ruling from the Supreme Court, Petitioner filed the instant § 2255 motion on June 24, 2016, arguing that because of <u>Johnson</u> and <u>Welch</u>, he is entitled to be resentenced without an enhancement. As discussed below, Petitioner was sentenced under 18 U.S.C. § 924(c), and <u>Johnson</u> and <u>Welch</u> do not apply.

## II.    DISCUSSION

<u>Johnson</u> does not apply to Petitioner's case because Petitioner was not sentenced under the ACCA. Instead, Petitioner was convicted of 18 U.S.C. § 924(c)(1)(A)(ii), for using, carrying, and brandishing a firearm during a crime of violence. CR 114-030, doc. no. 120. Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during an in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

(A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The former clause is commonly referred to as the "use-of-force" clause and the latter clause is known as the § 924(c)(3)(B) residual clause.

The Eleventh Circuit has not decided whether <u>Johnson</u> applies to § 924(c) by invalidating sentences which relied on § 924(c)(3)(B)'s residual clause. <u>In re Pinder</u>, No. 16-12084-J, 2016 WL 3081954, at *2, 4 (11th Cir. June 1, 2016). However, the Eleventh Circuit has noted that the ACCA's residual clause and the § 924(c)(3)(B) residual clause have differing language and statutory purpose. <u>In re Colon</u>, No. 16-13021-J, 2016 WL 3461009, at *3 (11th Cir. June 24, 2016). Although whether <u>Johnson</u> applies to § 924(c)'s residual clause is an open question, the Eleventh Circuit has determined that a Hobbs Act robbery conviction under 18 U.S.C. § 1951(a) qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). <u>In re Fleur</u>, No. 16-12299-J, 2016 WL 3190539, at *4 (11th Cir. June 8, 2016).

Here, in addition to pleading guilty to using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Petitioner pled guilty to and was convicted of Hobbs Act robbery. CR 114-030, doc. nos. 62, 63. In the indictment, Petitioner was charged with "knowingly and unlawfully tak[ing] and obtain[ing] property . . . from the presence of a person . . . against her will, and by means of actual and threatened force, violence, and fear of injury to her person, by brandishing a firearm and demanding money . . . in violation of Title 18, United States Code, Sections 1951 and 2." <u>Id.</u>, doc. no. 1, p. 4. Consequently, even if <u>Johnson</u> invalidates § 924(c)'s residual clause, Petitioner's conviction for Hobbs Act robbery qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A). <u>See In re Colon</u>, 2016 WL 3461009 at *3 (holding aiding and abetting Hobbs Act robbery meets use-of-force clause of crime of violence under § 924(c)(3)(A)); <u>In re Fleur</u>, 2016 WL 3190539, at *4 (holding actual commission of Hobbs Act robbery meets use-of-force clause of the definition of crime of violence under § 924(c)(3)(A)). Accordingly, <u>Johnson</u> does not provide Petitioner with relief, and his motion is subject to dismissal.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of July, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA